FW 400005784

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **GEORGE GILE** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.** |
| v. | § | **4-26CV-260-0** |
| | § | |
| **J.P. MORGAN CHASE & CO.** | § | **JURY TRIAL DEMANDED** |
| **J.P. MORGAN SECURITIES LLC** | § | |
| | § | |
| **Defendants,** | § | |

## ORIGINAL COMPLAINT

Plaintiff George Gile ("Plaintiff"), by and through his attorneys, bring this action for damages and other legal and equitable relief from Defendants, J.P. Morgan Chase & Co. and J.P. Morgan Securities, LLC (collectively "Defendant"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, The Texas Commission on Human Rights Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.* ("TCHRA"), and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1.    This is an action brought by Plaintiff seeking damages from Defendant for acts of discrimination based on sex and sexual orientation. Defendant's acts of discrimination are in violation of Title VII, the TCHRA, and any other cause(s) of action that can be inferred from the facts set forth therein.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United

ORIGINAL COMPLAINT

1

States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights and (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; 42 U.S.C. §§ 2000e et seq., as amended.

3.      The Court's supplemental jurisdiction is invoked to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

4.      Venue is proper in this Court in as much as the unlawful employment practices occurred in this judicial district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendant maintains offices, conducts business and resides in this district.

## PARTIES

5.      Plaintiff is a person who has been aggrieved by both Defendant's actions. He is and has been, at all relevant times, a citizen of the United States of America and is a resident of Collin County, Texas.

6.      At all relevant times, Plaintiff was an employee of Defendant, J.P. Morgan Securities, LLC, and therefore covered by Title VII and the TCHRA.

7.      Defendant, J.P. Morgan Securities, LLC is a subsidiary company of Defendant, J.P. Morgan Chase and Co., and together operate as a "single employer" or "one entity" (*EEOC v. Simbaki, Ltd.*, 767 F.3d at 481).

8.      Defendant, J.P. Morgan Chase and Co., is a Corporation that operates business within the State of Texas and within the Northern District of Texas. Defendant, J.P. Morgan

**ORIGINAL COMPLAINT**

Chase and Co., operates its Dallas Office at 1900 N. Akard Street, 5th Floor, Dallas, Texas 75201. Upon information and belief, Defendant, J.P. Morgan Chase and Co., employs over five-hundred (500) persons.

9.      Defendant, J.P. Morgan Securities LLC, is a Corporation that operates business within the State of Texas and within the Northern District of Texas. Defendant, J.P. Morgan Securities LLC, operates its Dallas Office at 100 Crescent Ct. #1300, Dallas, Texas 75201. Upon information and belief, Defendant, J.P. Morgan Securities LLC, employs over five-hundred (500) persons.

10.     During all relevant times, both Defendant, J.P. Morgan Chase and Co., and Defendant, J.P. Morgan Securities LLC, each have been employers covered by Title VII and the TCHRA.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

11.     Plaintiff, who has herein alleged claims pursuant to Title VII, has timely filed complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which constitutes a cross-filing with the Texas Commission on Human Rights.

12.     Plaintiff received his Notice of Right to Sue letter from the EEOC, on December 9, 2025, within ninety (90) days of the filing of this Complaint.

## STATEMENT OF FACTS

13.     Plaintiff is a male who is sexually attracted to men (bisexual), and who was previously a Financial Advisor employed by J.P. Morgan Securities, LLC between about September 12, 2022 and January 5, 2025.

14.     Plaintiff commenced his career in wealth management in April 2008 at Wells Fargo, where he obtained the necessary licenses to become a registered representative and earned

**ORIGINAL COMPLAINT**

the title of "Advisor Recruiter of the Year" within his first year. In 2010, he accepted an offer from Morgan Stanley, where he thereafter achieved maximum internal designations and held titles such as Financial Planning Associate and Consulting Group Analyst while working with ultra-high-net-worth clients. In 2016, despite a ninety percent (90%) failure rate for financial advisors under forty (40), he successfully built a client book of $54 million with only ten (10) clients, generating an annual production of $408,000. He consistently exceeded industry metrics and won the Pacesetter's Club four (4) years in a row before being recruited on September 12, 2022 by Defendant.

15.    Beginning in or around April, 2023, Plaintiff was subjected to explicit discrimination based on sex (*Bostock v. Clayton Cty.*, 590 U.S. 644 (2020)) and suffered significant harm where he lost about half of his previous clientele. Defendant required from Plaintiff different work tasks than were required from other heterosexual financial advisors in the Dallas Office, which placed Plaintiff in a hostile work environment and subjected him to harassment based on his sex and sexual orientation.

16.    In and around October, 2022, Wendeline Dill (Director of Marketing for Defendant, J.P. Morgan Securities, LLC) learned that Plaintiff is a man sexually attracted to men (bisexual) and began pressuring Plaintiff to market his sexual orientation on his website, and to create a Lesbian, Gay, Bisexual, Transgender, Queer, Plus (LGBTQ+) marketing brochure for the office. Shortly after this, clients, co-workers, and family began to learn of Plaintiff's sexual orientation from the website and made harassing and offensive comments towards Plaintiff based on his sex. On about April 3, 2023 threats and unsafe conditions began around the United States for LGBTQ+ individuals after a Budweiser promotion was widely published. Shortly thereafter,

**ORIGINAL COMPLAINT**

Ms. Dill removed the LGBTQ+ marketing from Plaintiff's website at Plaintiff's request out of concern for his and his family's safety.

17.    Between about May, 2023 and October, 2023, Plaintiff sought to continue his previous marketing strategy of sponsoring The Dallas Black Tie Dinner, the largest black-tie dinner in support of the LGBTQ+ community in the U.S., with tickets starting at $500. Plaintiff requested that Ms. Dill provide marketing funds in support of The Dallas Black Tie Dinner, but Ms. Dill refused. Ms. Dill began to continuously pressure Plaintiff (i) to return the LGBTQ+ marketing materials to Plaintiff's website, (ii) to provide the LGBTQ+ brochure specifically to his LGBTQ+ identifying clients, and (iii) to conduct LGBTQ+ seminars, despite Plaintiff's professional advice that these were not effective means of marketing to his clients, and further that he had continued concerns for his and his family's safety. Ms. Dill did not request these same marketing strategies from other co-workers in the office who were heterosexual financial advisors. Defendant continued to withhold help and resources because Plaintiff would not continue the LGBTQ+ marketing strategy demanded by Ms. Dill.

18.    In or around, February, 2024, Plaintiff met in person in the Dallas office with his supervisors, David Jernigan (North Texas Regional Director for Defendant, J.P. Morgan Securities, LLC) and David Fitzgerald (North Texas Assistant Regional Director for Defendant, J.P. Morgan Securities, LLC). Mr. Jernigan became belligerent towards Plaintiff, expressing through curse words and profanity of his anger for Plaintiff's lack of cooperation with Ms. Dill's LGBTQ+ marketing strategies, despite (i) Plaintiff's continued concerns for his and his family's safety, and (ii) his professional belief that the strategies advocated by Ms. Dill were counter-productive and would not be successful. Mr. Jernigan demanded that Plaintiff partner with Joseph Hahn (Dallas Office Executive Director of Tax Planning for Defendant, J.P. Morgan

**ORIGINAL COMPLAINT**

Securities, LLC), pressuring Plaintiff to work with him because Mr. Hahn was also a man sexually attracted to men (homosexual).

19.    This recommendation subjected Plaintiff to a hostile work environment, including sexual harassment from a supervisor, Mr. Hahn. Plaintiff communicated with Mr. Hahn, as strongly recommended by Mr. Jernigan. The initial conversations between Plaintiff and Mr. Hahn were solely relating to meeting dates and times. Eventually, Mr. Hahn and Plaintiff met in person. Thereafter, Mr. Gile received a message via Defendant's internal messaging system SKYPE from Mr. Hahn that said "You are a hotty, and I bet you're going to fuck a lot this weekend." During their conversation later in that week, Mr. Hahn and Plaintiff discussed marketing strategies. At an LGBTQ+ business luncheon, Mr. Hahn sent Plaintiff a personal text wherein Mr. Hahn wanted to fuck a twink over a table. Plaintiff ignored the text. That same night Mr. Hahn sent a text to Plaintiff, in which Mr. Hahn complained that he was "horny" accompanied by digital photographs of naked men. Plaintiff provided no indication that he wanted these type of advances or harassment and, in speaking to Mr. Hahn, Plaintiff tried to deflect his comments and to only discuss finances and work. Plaintiff was not physically attracted to Mr. Hahn, thus these advances were creepy and personally and professionally disruptive.

20.    By around February, 2024, the transfer team and advisor of Defendant had failed to transfer multiple accounts for Plaintiff's clients from Morgan Stanley. Plaintiff brought documentation of these issues and FINRA compliance concerns to Mr. Jernigan and Mr. Fitzgerald, who responded with something similar to "Maybe if you bring in more money, we will help you". Defendant continued to fail to abide by FINRA compliance for Plaintiff's clients because Plaintiff would not continue the LGBTQ+ marketing strategy demanded by Ms. Dill.

**ORIGINAL COMPLAINT**

21.     Before about February, 2024 Plaintiff's Terms and Conditions of employment included a Travel and Expenses ("T&E") budget of $10,000 for each year, 2023 and 2024, and was determined based on an agreed provision of employment and emails in or around July 6, 2022. However, after about February, 2024 Plaintiff was subjected to discriminatory retaliation of a significant reduction in T&E budget where he only received $1,000 for the entire year of 2024. Defendant failed to provide Plaintiff his remaining $9,000 T&E budget for the remainder of the 2024 year because Plaintiff would not continue the LGBTQ+ marketing strategy demanded by Ms. Dill.

22.     In and around March, 2024, Defendant began placing Plaintiff in a position of violating FINRA compliance rules or risk losing his employment. Plaintiff was moved out of his VP office into a shared office with his business partner and only one computer. Defendant did not provide a computer that Plaintiff could use in his office, despite strict data protection, security, and privacy FINRA rules that prevent Plaintiff from using a personal computer or sharing a computer with a colleague. Additionally, transfer paperwork for one of Plaintiff's clients was found in a drawer without any privacy protection in violation of FINRA compliance rules. Plaintiff's client became upset and withdrew from services with Plaintiff and Defendant.

23.     In and around June, 2024, a co-worker at the Dallas office exited from their employment with Defendant and with it a portfolio of clientele of about $590,000,0000. These accounts were provided first priority to heterosexual financial advisors less experienced than Plaintiff within the office; Plaintiff received no clients from this book of business. Plaintiff was denied access to new clients and lost nearly half of his clients due to the hostile work environment and retaliation of Defendant.

**ORIGINAL COMPLAINT**

24.    Plaintiff reported this discriminatory retaliation to his management, namely, Mr. Jernnigan, Mr. Fitzgerald, and Human Resources. However, management agreed with the discriminatory retaliation and the policy decisions remained in place.

25.    On or about January, 2025, a doctor diagnosed Plaintiff with a perforated ulcer due to the stress from this employment, where and thereafter he spent several days in the ICU in the hospital and several months healing at home. Shortly thereafter, Plaintiff resigned from his position with Defendant on January 5, 2025, due to the discrimination based on his sex, hostile work environment, retaliation, and constructive discharge.

### AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF

### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*

### (Discrimination)

26.    Plaintiff is a member of a protected class and repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

27.    The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, as Defendants have engaged in the practice of discrimination with respect to the terms and conditions of Plaintiff's employment.

28.    Plaintiff requests for relief as set forth below.

### AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATON OF

### The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ *et seq.*

### (Discrimination)

29.    Plaintiff is a member of a protected class and repeats and re-alleges that allegations contained in the paragraphs above, as if fully set forth herein.

**ORIGINAL COMPLAINT**

30.     The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*, as Defendants have engaged in the practice of discrimination with respect to the terms and conditions of Plaintiff's employment.

31.     Plaintiff requests for relief as set forth below.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgement against Defendants as follows:

A. A judgment declaring that the practices complained of herein are unlawful and in violation of Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. § 2000e *et seq.*, and the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*;

B. All damages which Plaintiff has sustained as a result of Defendant's conduct including back pay, front pay, benefits, general and specific damages for lost compensation, and job benefits he would have received but for Defendant's discriminatory practices, and for emotional distress, humiliation, embarrassment, and anguish;

C. Forgiveness for any remaining debt or monies owed on any Promissory Note attached to Plaintiff's employment with Defendant;

D. Exemplary and punitive damages in an amount commensurate with Defendant's ability and so as to deter future malicious, reckless, and/or intentional conduct;

E. Awarding Plaintiff the costs and disbursements incurred in connection with this action, including reasonable attorney's fees, expert witness fees and other costs;

F. Pre-judgment and post-judgment interest, as provided by law;

G. Dismissal, with prejudice, of all claims by Defendants before FINRA relating to, or arising from, Plaintiff's employment with Defendants; and

**ORIGINAL COMPLAINT**

H.  Granting Plaintiff's other and further relief as this Court finds necessary and proper.

Plaintiff also seek injunctive relief, including, but not limited to:

I.  Training on the subject of employment discrimination for all of Defendant's employees;

J.  Diversity and sensitivity training for all management employees conducted by reputable outside vendors;

K.  Supervisory discipline up to and including termination for any supervisor who engages in unlawful discrimination;

L.  Active monitoring of the work areas to ensure compliance with discrimination policies;

M.  That the Court retain jurisdiction over Defendant until such time as it is satisfied that they have remedied the practices complained of and are determined to be in full compliance with the law.

Plaintiff further demands that they be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

Dated: March 6, 2026                                    Respectfully submitted,


                                                        /s/ Kandi Gilder
                                                        Kandi Gilder
                                                        Attorney At Law
                                                        SBN: 24130161

                                                        **Gold Legal, PLLC**
                                                        640 Taylor St. Ste. 1200
                                                        Fort Worth, TX 76102
                                                        Office: 817-627-5498
                                                        Kandi@goldlegaldefense.com


                                                        **ORIGINAL COMPLAINT**

10

# JS 44 CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| GILE, GEORGE | J.P. MORGAN CHASE & CO<br>J.P. MORGAN SECURITIES LLC |

**(b)** County of Residence of First Listed Plaintiff **Collin County, TX**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **New York County, NY**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
GOLD LEGAL, PLLC, 640 Taylor St. Ste. 1200, Fort Worth, TX 76102. 817-627-5498

Attorneys *(If Known)*

MAR 9 2026 AM 9:16
RECEIVED-USDC-NDTX-FW

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury<br>[ ] 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>[ ] 365 Personal Injury - Product Liability<br>[ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 690 Other | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br>**INTELLECTUAL PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 835 Patent - Abbreviated New Drug Application<br>[ ] 840 Trademark<br>[ ] 880 Defend Trade Secrets Act of 2016 | [ ] 375 False Claims Act<br>[ ] 376 Qui Tam (31 USC 3729(a))<br>[ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit (15 USC 1681 or 1692)<br>[ ] 485 Telephone Consumer Protection Act<br>[ ] 490 Cable/Sat TV |
| **REAL PROPERTY**<br>[ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | **CIVIL RIGHTS**<br>[ ] 440 Other Civil Rights<br>[ ] 441 Voting<br>[x] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 445 Amer. w/Disabilities - Employment<br>[ ] 446 Amer. w/Disabilities - Other<br>[ ] 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>[ ] 463 Alien Detainee<br>[ ] 510 Motions to Vacate Sentence<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>**Other:**<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition<br>[ ] 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>[ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Management Relations<br>[ ] 740 Railway Labor Act<br>[ ] 751 Family and Medical Leave Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Employee Retirement Income Security Act<br>**IMMIGRATION**<br>[ ] 462 Naturalization Application<br>[ ] 465 Other Immigration Actions | **SOCIAL SECURITY**<br>[ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS—Third Party 26 USC 7609 | [ ] 850 Securities/Commodities/ Exchange<br>[ ] 890 Other Statutory Actions<br>[ ] 891 Agricultural Acts<br>[ ] 893 Environmental Matters<br>[ ] 895 Freedom of Information Act<br>[ ] 896 Arbitration<br>[ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>[ ] 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
U.S. Civil Statute: 42 U.S.C. §§ 2000e et seq.
Brief description of cause:
Employment discrimination based on sex

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
5000

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**    **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is related to this filing if the case: 1) involves some or all of the same parties and is based on the same or similar claim; 2) involves the same property, transaction, or event; 3) involves substantially similar issues of law and fact; and/or 4) involves the same estate in a bankruptcy appeal.

**Date and Attorney Signature.** Date and sign the civil cover sheet.