**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **GEORGE GILE** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-cv-00260-O** |
| | § | |
| **J.P. MORGAN CHASE & CO., ET AL.,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**OPINION & ORDER**

Before the Court are Defendant J.P. Morgan Chase & Co.'s ("Defendant" or "JPMCC") Motion to Dismiss (ECF No. 17); Plaintiff's Response (ECF No. 20); and Defendant's Reply (ECF No. 21). Having considered the Motions, briefing, and applicable law, the Court **GRANTS** Defendant JPMCC's Motion to Dismiss (ECF No. 17) and **DISMISSES** Plaintiff's First Amended Complaint as to Defendant JPMCC.

## I. BACKGROUND[1]

This case concerns the alleged discriminatory behavior of Defendant JPMCC, Defendant JPMorgan Chase Bank, National Association ("JPMCB"), and Defendant J.P. Morgan Securities, LLC ("JPMS") against Plaintiff George Gile ("Plaintiff"). JPMCB and JPMS are subsidiaries of Defendant JPMCC, the parent company. All three defendants' principal place of business is in New York, and all three operate within the state of Texas.

[1] Unless otherwise cited, the Court's recitation of the facts is taken from Plaintiff's Amended Complaint. *See* Pl.'s Am. Compl., ECF No. 12. At the 12(b)(6) stage, these facts are taken as true and viewed in the light most favorable to Plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007).

From September 12, 2022, to January 5, 2025, Plaintiff was employed by JPMCB as a Financial Advisor. Prior to Plaintiff's employment at JPMCB, Plaintiff worked for Wells Fargo and Morgan Stanley, building a client book of $54 million. In September 2022, Plaintiff was recruited to work for JPMCB. At the start of Plaintiff's employment, JPMCB provided Plaintiff with a team dedicated to transferring client accounts from Plaintiff's prior place of work to JPMCB. Additionally, a Promissory Note was executed between Plaintiff as promisor and Defendant as promisee. The Promissory Note was to be repaid through Plaintiff's clientele accounts.

On or around October 2022, the Director of Marketing Wendeline Dill ("Ms. Dill") for J.P. Morgan Securities, LLC ("JPMS") learned that Plaintiff is bisexual. Ms. Dill began to pressure Plaintiff to advertise his sexuality on his website and create an LBGTQ+ marketing brochure. Plaintiff did so, but he became the recipient of harassment and offensive comments from clients, co-workers, and family after they learned of his sexuality. In April 2023, Plaintiff requested that the LGBTQ+ marketing material be removed from Plaintiff's website. Ms. Dill agreed and removed the material from the website.

From May 2023 to October 2023, Plaintiff worked on sponsoring The Dallas Black Tie Dinner, a banquet/gala in support of the LGBTQ+ community. Tickets for the event started at $500. When Plaintiff asked Ms. Dill for marketing funds to promote the event, Ms. Dill refused. Instead, Ms. Dill began to pressure Plaintiff to once again engage in LGBTQ+ themed marketing strategies. Ms. Dill wanted Plaintiff to put the LGBTQ+ materials back on Plaintiff's websites, provide LGBTQ+ brochures to Plaintiff's LGBTQ+ clients, and conduct LGBTQ+ seminars. Plaintiff advised Ms. Dill that such marketing strategies were ineffective and told Ms. Dill he was concerned about his and his family's safety. However, Ms. Dill disregarded Plaintiff's concerns

and refused to give Plaintiff discretionary market funding unless he agreed to the requested marketing strategies.

On or around March 8, 2024, Plaintiff met with his two supervisors David Jernigan and David Fitzgerald to discuss Ms. Dill's suggested LGBTQ+ marketing strategies. During the meeting, Plaintiff's supervisors expressed anger against Plaintiff for not cooperating with Ms. Dill's LGBTQ+ themed marketing strategy requests. Mr. Jernigan demanded that Plaintiff work with Joseph Hahn (Dallas Office Executive Director of Tax Planning) on marketing because Mr. Hahn was homosexual.

As demanded by Mr. Jernigan, Plaintiff met with Mr. Hahn on or around March 2024 to discuss marketing strategies. Shortly after their meeting, Mr. Hahn sent Plaintiff a sexually inappropriate message. Later that week, Mr. Hahn sent additional inappropriate messages accompanied by photographs of naked men to Plaintiff. At no point did Plaintiff indicate he welcomed Mr. Hahn's advancements or messages.

Around this same time, Plaintiff's clientele accounts remained untransferred from his previous job. When Plaintiff raised the issue with Mr. Fitzgerald and Mr. Jernigan, they dismissed his concerns. Plaintiff was also moved from his private office to a shared office with a shared computer. Although Plaintiff requested a separate computer to comply with FINRA rules, his request was denied. Plaintiff believed this treatment was in response to his refusal to participate in Ms. Dill's marketing strategies.

Not only did Plaintiff endure bullying and received offensive comments from his officemate, but also Plaintiff's Travel and Expense budget was reduced from $10,000 to $1,000 for 2024. Further in June 2024, a co-worker left JPMCB, leaving behind a $590 million portfolio. Typically, a financial advisor with more experience, like someone in Plaintiff's position, would

have been given priority for taking over the existing employee's clients. However, Plaintiff did not receive any of the clients, while less experienced heterosexual colleagues did. Plaintiff attributes these treatments as a result of his refusal to comply with the LGBTQ+ themed marketing strategies.

In December of 2024, Plaintiff continued to experience bullying and offensive comments concerning his sexuality from other co-workers. Although Plaintiff reported the adverse employment actions to management and Mr. Hahn's alleged sexual harassment through a company hotline, no action was taken. A month later, in January of 2025, Plaintiff was hospitalized following an emergency surgery for a perforated ulcer that he attributes to stress. Plaintiff resigned from his position at JPMCB on January 5, 2025.

On March 9, 2026, Plaintiff filed this lawsuit against Defendant JPMCC and JPMS, and filed First Amended Complaint on June 1, 2026, adding JPMCB as a defendant. Plaintiff asserted claims under 42 U.S.C. §§ 2000e *et seq*. for violations of Title VII of the Civil Rights Act of 1964, claims for violations of the Texas Employment Discrimination Act, and claims for breach of contract and intentional infliction of emotional distress. Defendant JPMCC moved to dismiss all claims against it under Federal Rule of Civil Procedure 12(b)(6). The motion has been briefed and is now ripe for the Court's review.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file

a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.* at 679.

## III. ANALYSIS

### A. J.P. Morgan Chase & Co.'s Rule 12(b)(6) Motion to Dismiss Claims Under Title VII and the Texas Employment Discrimination Act

Plaintiff's allegation that Defendant JPMCC was his employer when the claims arose is insufficient to state a plausible claim against Defendant JPMCC. Plaintiff alleges that JPMCB, a subsidiary of Defendant JPMCC, was his employer and seeks to hold Defendant JPMCC liable

solely by virtue of its status as JPMCB's parent company. But the Fifth Circuit has held that "[t]he doctrine of limited liability creates a strong presumption that a parent corporation is not the employer of its subsidiary's employees" . . ." *Lusk v. Foxmeyer Health Corp.*, 129 F.3d 773, 778 (5th Cir. 1997). To overcome this presumption, a plaintiff must show "a significant departure from the ordinary relationship between a parent and its subsidiary," such as evidence "that the parent corporation was a final decision-maker in its subsidiary's employment decisions." *Id.*

Plaintiff has not alleged facts demonstrating that Defendant JPMCC's relationship with JPMCB departed from the ordinary parent-subsidiary relationship, nor has Plaintiff alleged facts showing that Defendant JPMCC, rather than JPMCB, was the final decision-maker in JPMCB's employment decisions. Rather, Plaintiff has only alleged that Defendant JPMCC, JPMCB and JPMS operate as a "single employer" or "one entity." Plaintiff alleges this fact because "superficially distinct entities may be exposed to liability upon a single finding they represent a single, integrated enterprise: a single employer." *Perry v. VHS San Antonio Partners, L.L.C.*, 990 F.3d 918, 926 (5th Cir. 2021) (quoting *Schweitzer v. Advanced Telemarketing Corp.*, 104 F.3d 761, 763 (5th Cir. 1997)). However, for Title VII purposes, distinct entities represent a single employer only when a four-factor test has been satisfied. *Id.* The four factors are: (1) interrelation of operations; (2) centralized control of labor relations; (3) common management, and (4) common ownership or financial control. *Id.* at 927 (quoting *Vance v. Union Planters Corp.*, 279 F.3d 295, 297 (5th Cir. 2002)).

In Plaintiff's First Amended Complaint (ECF No. 12), Plaintiff does not allege facts to satisfy the four factors. Although Plaintiff lists facts that meet all four factors in their response (ECF No. 20), the Court cannot consider these. When assessing a 12(b)(6) motion, a court is limited to the factual allegations contained within the four corners of the complaint. *Pro Mineral,*

*LLC v. Marietta*, No. 3:21-CV-02773-E, 2023 WL 2410884, at *4 (N.D. Tex. Mar. 8, 2023) ("In determining a motion to dismiss under Rule 12(b)(6), the general rule is that a court may only consider factual allegations within the "four corners" of the complaint.") (citing *Morgan v. Swanson*, 659 F.3d 359, 401 (5th Cir. 2011); *see Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (explaining that "[i]n considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings"). However, a court may also consider "matters of which a court may take judicial notice." *Petrobras Am., Inc. v. Samsung Heavy Indus. Co., Ltd.*, 9 F.4th 247, 253 (5th Cir. 2021) (quoting *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007)). Under Federal Rule 201(b), courts can take judicial notice of facts that are not subject to reasonable dispute and are: "(1) generally known within the trial court's jurisdiction; or (2) can be accurately and readily be determined from sources whose accuracy cannot be questioned." FED. R. EVID. 201(b).

In Plaintiff's Response to Motion to Dismiss (ECF No. 20), Plaintiff asks this court to take judicial notice of the Texas Secretary of State's Business Organization records (Exhibit A-1, A-2, and A-3). These records indicate that Defendant JPMCC, JPMCB, and JPMS all operate out of the same New York City address. The Court takes judicial notice of these documents. *See Swindol v. Aurora Flight Scis. Corp.*, 805 F.3d 516, 519 (5th Cir. 2015) (taking judicial notice of Mississippi and Virginia's Secretary of State records listing address information); *Preston Hollow Cap., LLC v. Truist Bank*, No. 3:23-CV-1332-S, 2024 WL 1195798, at *3 (N.D. Tex. Mar. 20, 2024) (taking judicial notice of North Carolina Secretary of State records showing a company's state of incorporation); *Palma v. Genesis Cmty. Mgmt., Inc.*, 2018 WL 2291404, *2 n.2 (S.D. Tex. May 2, 2018) (taking judicial notice of Texas Secretary of State records).

Plaintiff also asks this Court to take judicial notice of Defendant JPMCC's 2025 Resolution Plan Public Filing and Defendant JPMCC's SEC Form 10-K, which they attach to their response. The Court will not do so. Although a court can take judicial notice of documents for the statements they contain, a court cannot consider the documents for the truth of the documents' statements. *Petrobras Am., Inc.*, 9 F.4th at 255 (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996)). Here, Plaintiff clearly offers these documents for the truth of the documents' statements. Plaintiff's argument is that these documents collectively contain the facts necessary to meet the four-factor test (ECF No. 20). However, this Court cannot consider the documents' facts for the truth and thus cannot consider those facts in determining whether Plaintiff has stated a plausible claim. Because Plaintiff offers the documents for their truth and does not establish the accuracy of the documents' statements or whether they cannot be reasonably questioned, the Court will not take judicial notice of them. If Plaintiff had asserted the facts within these documents in their First Amended Complaint, the Court would have accepted the factual allegations as true in determining this motion to dismiss. Because the Plaintiff did not do so, the Court cannot now consider these factual allegations and accept them as true through judicial notice of the documents.

Viewing Plaintiff's First Amended Complaint in conjunction with taking judicial notice of Exhibit A-1, A-2, and A-3 from Plaintiff's Response, the Plaintiff has only alleged that Defendant JPMCC, JPMCB, and JPMS share a common address. This alone is insufficient to allege that Defendant JPMCC was Plaintiff's employer. The Fifth Circuit has held that even common management and ownership do not incur liability on a parent company. *Lusk v. Foxmeyer Health Corp.*, 129 F.3d 773, 778 (5th Cir. 1997) (citing *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1364 (10th Cir. 1993)) ("mere existence of common management and ownership are not sufficient to justify treating a parent corporation and its subsidiary as a single employer"). If common management

and ownership are insufficient to incur liability on a parent company, then the mere fact that Defendant JPMCC shares a common address with its subsidiaries is unlikely to incur liability as well. Plaintiff cannot maintain his action against Defendant JPMCC in this case as the action is premised on the assumption that Defendant JPMCC is an employer of Plaintiff. Plaintiff has not alleged facts tending to support this legal conclusion. Accordingly, Plaintiff's claims under Claims Under Title VII and the Texas Employment Discrimination Act are dismissed.

**B. Defendant JPMCC's Rule 12(b)(6) Motion to Dismiss Plaintiff's Additional Claims**

This Court also dismisses Plaintiff's breach of contract claim and intentional infliction of emotional distress claim against Defendant JPMCC. The Court does so for the same reasons as outlined above. Both Plaintiff's breach of contract claim and intentional infliction of emotional distress claim rest on the assumption that Defendant JPMCC is an employer of Plaintiff. But, Plaintiff has not successfully alleged that Defendant JPMCC is Plaintiff's employer or that Defendant JPMC, Defendant JPMCB, and Defendant JPMS are a single employer operating as one entity. Accordingly, Plaintiff's Amended Complaint against Defendant JPMCC is dismissed in its entirety.

**C. Leave to Amend**

Federal Rule of Civil Procedure 15(a)(2) permits a court to grant leave to amend pleadings and even "evinces a bias in favor of granting leave to amend." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566 (5th Cir. 2002). Plaintiff's First Amended Complaint does not allege facts showing that Defendant JPMCC's operations were interrelated with that of JPMCB, that Defendant JPMCC had centralized control of JPMCB's operations, that Defendant JPMCC had common management with JPMCB, and that Defendant JPMCC had common ownership and financial control of JPMCB. Because Plaintiff has not provided factual allegations sufficient to

plead all four of these aspects, Plaintiff has not sufficiently pled that Defendant JPMCC was in fact Plaintiff's employer. Without such specificity, this Court finds that Plaintiff has insufficiently pled facts that state a claim for relief on its face. The factual allegations contained in the Response brief do not cure the deficiencies in the First Amended Complaint. Those allegations must be contained within a complaint for the Court to take them all as true and determine if the facts fulfill the four-factor test needed to allege a single employer. Plaintiff failed to plead the necessary facts in the First Amended Complaint against Defendant JPMCC, therefore, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff is given leave to amend his First Amended Complaint.

## IV. CONCLUSION

For the forgoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 17) and **DISMISSES** Plaintiff's First Amended Complaint as to Defendant **WITHOUT PREJUDICE**. Plaintiff may amend his First Amended Complaint within 20 days of this Order.

**SO ORDERED** on this **21st day** of **September, 2026.**

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE